[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12499

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL DALE TALLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:10-cr-00015-LSC-GMB-1

_____

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

In 2010, Michael Talley pled guilty to several child pornography offenses. The district court sentenced him to 210 months in prison, and he did not appeal.

Mr. Talley, proceeding *pro se*, now appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018) ("First Step Act"). He argues that the law-of-the-case doctrine barred a finding that he was a danger to others, that the district court's failure to address changes in the law that lowered his guideline range precludes meaningful appellate review, and that his obesity and high blood pressure, coupled with the risk of COVID-19, warrant relief. He also asserts that the district court changed the wording of U.S.S.G. § 1B1.13 and waited ten months to deny his motion without opposition from the government, and he requests that we reassign his case on remand.

We review a ruling on a defendant's eligibility for an § 3582(c)(1)(A) sentence reduction is reviewed *de novo*. *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir.), *cert. denied*, 142 S. Ct. 583 (2021). But we review a district court's denial of a § 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

A district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quotation marks omitted). We can conduct meaningful appellate review because the district court's discussion showed a reasoned rejection of Mr. Talley's motion, cited proper legal authority, and provided multiple grounds for the decision.

To grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied. These are re "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to [U.S.S.G.] § 1B1.13's policy statement," and the absence of even one forecloses a sentence reduction. *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021).

Among other things, the district court concluded that Mr. Talley had not shown extraordinary and compelling circumstances. In its view, Mr. Talley's comorbidities of obesity and high blood pressure, combined with the risk of COVID-19, did not meet § 1B1.13's criteria. We find no abuse of discretion in this regard, as Mr. Talley failed to assert that he suffered from a terminal illness or that he could not care for himself. As we have explained, "the confluence of [a defendant's] medical conditions and COVID-19" does not constitute an extraordinary and compelling reason warranting compassionate release if the defendant's medical conditions do not meet the criteria of § 1B1.13, comment. (n.1(A)). *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021).

We do not find any merit in Mr. Talley's contention that the district court changed the wording of § 1B1.13 to deny his motion, as the court properly adhered to a correct understanding of § 1B1.13. *See Bryant*, 996 F.3d at 1262-65. And given our decision in *Bryant* the court did not err in failing to address Mr. Talley's argument under the catch-all provision of § 1B1.13. Finally, although it might have been better practice to wait for the government to file a response, Mr. Talley cites no authority requiring the district court to do so. Because we affirm the district court's order on the ground that Mr. Talley did not demonstrate extraordinary and compelling circumstances, we need not address the court's finding with respect to danger.

We affirm the district court's denial of Mr. Talley's motion for compassionate release, and deny Mr. Talley's request for reassignment as moot.

**AFFIRMED**.